IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEON V. LIPSCOMB,<br><br>      Plaintiff,<br><br>v.<br><br>ANTHONY WILLS, C. RAYFORD, and<br>J. FILLINGER,<br><br>      Defendants. | Case No. 24-cv-1590-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

      Plaintiff Keon V. Lipscomb, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Lipscomb alleges that Defendant C. Rayford used excessive force against him in violation of the Eighth Amendment.

      This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Lipscomb makes the following allegations: On June 22, 2024, while on crisis watch, Lipscomb requested to speak to mental health staff from officers and staff near his cell, but staff merely walked away (Doc. 1, p. 2). As a result, Lipscomb sought to notify a sergeant of his issues. While Correctional Officer C. Rayford was passing out lunch trays, Lipscomb alleges that he attempted to speak with Rayford. Rayford opened Lipscomb's lunch tray hatch and Lipscomb placed his arm in the hatch, preventing Rayford from closing it (*Id.*). Lipscomb then told Rayford he needed to speak to either a sergeant or lieutenant because Rayford and another officer had refused Lipscomb's previous requests to speak to mental health staff (*Id.*).

Rayford informed Lipscomb that he would not be speaking with mental health staff and proceeded to curse at Lipscomb (*Id.*). Rayford then slammed the food hatch down several times on Lipscomb's arm and hand. Another officer, originally identified as Correctional Officer Fillinger, approached and closed the hatch down on Lipscomb several times (*Id.*). Rayford then sprayed Lipscomb with mace (*Id.* at p. 3). When Lipscomb repeated that he wanted to speak to a sergeant or lieutenant, Rayford directed him to "talk to the mace" (*Id.*). Rayford sprayed mace into both Lipscomb's face and in his cell, and then closed the hatch door to the cell (*Id.*). Lipscomb alleges that Rayford continued to spray mace even after Lipscomb removed his arm from the tray hatch.

Lipscomb alleges that Rayford's actions were part of a conspiracy of harassment he has experienced at Menard (*Id.* at p. 4). He alleges that Rayford conspired with Correctional Officer Baker, who is not a defendant in this case, by not allowing him to

speak to mental health staff, bringing him an empty food tray, and refusing to contact a sergeant per Lipscomb's request. Lipscomb also believes that Rayford's actions were in retaliation for numerous lawsuits that he has filed against staff at Menard (*Id.*).

## Preliminary Dismissals

Lipscomb's Complaint originally alleged that Correctional Officer J. Fillinger participated in the use of force against him by slamming the food hatch down on Lipscomb's hand and arm (Doc. 1, p. 2). But Lipscomb recently filed a motion to dismiss, requesting that the claims against Fillinger be dismissed from his Complaint (Doc. 10). He indicates that he no longer wishes to pursue a claim against Fillinger. Thus, Lipscomb's motion is **GRANTED**; any proposed claim against Fillinger is **DISMISSED without prejudice**.

Lipscomb also lists Warden Anthony Wills as a defendant, in both his individual and official capacities, but he fails to include any allegations against Wills in his statement of claim. The warden cannot be held liable based on *respondeat superior*, or supervisory, liability because it is not recognized under Section 1983. *See, e.g., Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). Thus, any claim against Wills, in his individual capacity, is **DISMISSED without prejudice**. But because Lipscomb seeks injunctive relief, Warden Anthony Wills will remain in the case, in his official capacity only, for the purpose of implementing any injunctive relief, if awarded.

Lipscomb also mentions an Officer Baker, whom he acknowledges is a defendant in another of his pending cases. Lipscomb alleges that Rayford and Baker conspired against him. But Lispcomb does not allege that Baker is a defendant in this case, nor has

3

he included Baker in the case caption as a defendant. To be considered a party, a defendant must be "specif[ied]…in the caption." *Myles v. United States*, 416 F.3d 551, 551 (7th Cir. 2005). Lipscomb fails to identify Baker as a party in the case caption or anywhere in his pleading. Thus, any claim against Baker is also **DISMISSED without prejudice**.

Finally, Lipscomb includes a Count 3 for cruel and unusual punishment, alleging that he is being "harassed" by Defendant Rayford (Doc. 1, p. 4). It is not entirely clear what type of claim Lipscomb seeks to allege. He mentions cruel and unusual punishment, a typical Eighth Amendment claim. He also states that Rayford "conspired" with another individual to prevent Lipscomb from speaking with mental health staff and brought Rayford an empty food tray (*Id.*). He also alleges that he believes the attack was in retaliation for filing complaints against prison staff, a claim falling under the First Amendment. But Lipscomb fails to state a claim for "harassment" under any standard. He only states in conclusory fashion that Rayford conspired with other individuals, denied him health care, and retaliated against him. There are simply no allegations suggesting when Rayford denied Lipscomb access to medical care. In fact, Lipscomb acknowledges that mental health staff were at his cell and left just prior to Rayford arriving with his food tray. Nor are there any allegations to suggest that Rayford was aware of prior complaints by Lipscomb that would support a retaliation claim. Without more, Lipscomb simply fails to state a claim in his proposed Count 3. Thus, his claim for harassment is **DISMISSED without prejudice**.

## Discussion

Based on the allegations in the Complaint, the Court divides this action into the following counts:

**Count 1:** Eighth Amendment excessive force claim against C. Rayford for injuring Lipscomb's hand and arm in the lunch tray slot and spraying mace in Lipscomb's face.

**Count 2:** Illinois state law assault claim for Rayford's attack on Lipscomb.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

At this stage, Lipscomb states a viable claim against Rayford for excessive force, as well as a claim for assault under Illinois state law. *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). Lipscomb's assault claim under state law arises under the same operative facts; thus, the Court will exercise supplemental jurisdiction over the state law claim. 28 U.S.C. § 1367(a); *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008) (a loose factual connection between the federal and state claims is generally sufficient). Thus, Counts 1 and 2 shall proceed against Rayford.

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

## Disposition

For the reasons stated above, Counts 1 and 2 shall proceed against C. Rayford. Anthony Wills shall remain in the case, in his official capacity only, for Lipscomb's request for injunctive relief. All other claims and defendants are **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendants C. Rayford and Anthony Wills (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Lipscomb. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Lipscomb, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g).

**Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Lipscomb, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Lipscomb is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED:  August 5, 2024

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**